

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 1:16-CR-97 |
| | § | |
| DERRICK WAYNE JOHNSON | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District

of Texas, the District Court referred this matter for hearing and the submission of findings of fact

and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United

States alleges that the defendant, Derrick Johnson, violated conditions of supervised release

imposed by United States District Judge Sam Cummings of the Northern District of Texas. The

United States Probation Office filed its *First Amended Petition for Warrant or Summons for*

*Offender Under Supervision* (doc. #31) requesting the revocation of the defendant's supervised

release. The Court conducted a hearing on November 14, 2019, in accordance with Federal Rules

of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at

the hearing. Having heard the evidence, this court factually finds that the defendant has violated

conditions of supervision and recommends that such violation warrants the revocation of his

1

supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On April 18, 1997, The Honorable Sam Cummings sentenced Mr. Johnson after the defendant was found guilty of the following offenses:

Count 1:   Conspiracy to Possess with Intent to Distribute and Distribution of More Than 50 Grams of Cocaine Base;

Count 2:   Possession With Intent to Distribute and Distribution of Less Than 5 Grams of Cocaine Base;

Count 3:   Possession With Intent to Distribute and Distribution of Less Than 5 Grams of Cocaine Base Within 1,000 Feet of a Public Playground;

Count 4:   Possession With Intent to Distribute and Distribution of More Than 5 Grams of

2

Cocaine Base;

Count 5:   Possession With Intent to Distribute and Distribution of More Than 5 Grams of Cocaine Base Within 1,000 Feet of a Public Playground; and

Count 6:   Possession With Intent to Distribute and Distribution of More Than 5 Grams of Cocaine Base.

The Court sentenced Derrick Johnson to 240 months imprisonment on Counts 1 through 6, to run concurrently, followed by 10 years supervised release, as to each count, to run concurrently, subject to the standard conditions of release, plus special conditions to include drug aftercare and the defendant shall notify the probation officer at least 10 days prior to any change in residence. On April 28, 2014, Derrick Johnson completed his period of imprisonment and began service of the supervision term.

On August 26, 1999, the Court amended Mr. Johnson's judgment to dismiss Counts 2 and 4.   On November 14, 2016, Judge Cummings issued a warrant for Mr. Johnson's arrest based on a petition to revoke after Johnson was arrested for the offense of felony assault.

On January 4, 2017, jurisdiction over Mr. Johnson's case was transferred to the Eastern District of Texas and assigned to United States District Judge Marcia A. Crone.   On February 9, 2017, Judge Crone dismissed the petition for revocation against Mr. Johnson after the above-noted charge was dismissed.

On February 12, 2018, the Court modified Mr. Johnson's conditions of supervision modified to include no contact with Leslie Bishop.   On August 8, 2018, the Court issued a warrant for Mr. Johnson's arrest based on a petition for revocation alleging that Mr. Johnson was arrested for public intoxication, was drinking in excess, and had contact with Leslie Bishop.   On

September 7, 2018, Judge Crone again modified Derrick Johnson's conditions of supervision to include mental health aftercare and 180-day placement in a residential reentry center.    On August 19, 2019, Derrick Johnson appeared the undersigned for a judicial reprimand.

### B.  Allegations in Petition

The United States Probation Office alleges that the defendant violated the following standard condition of release:

*The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by law enforcement.*

Specifically, on September 7, 2019, Derrick Johnson had contact with the Port Arthur Policy Department.    Mr. Johnson failed to notify the probation office within 72 hours of having contact with law enforcement.

### C.  Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke.    Specifically, the Government would present testimony establishing that on September 7, 2019, Mr. Johnson was encountered by the Port Arthur Police Department.    The evidence would further show that Mr. Johnson failed to notify his probation officer within 72 hours of his contact with law enforcement.

Defendant, Derrick Johnson., offered a plea of true to the allegations.    Specifically, he agreed with the evidence summarized above and pled true to the allegation that he failed to notify his probation officer that he came in contact with law enforcement.

### D.  Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by failing to notify his probation officer within 72 hours of encountering law enforcement.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of III and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 5 to 11 months.  *See* U.S.S.G. § 7B1.4(a).  The maximum term of imprisonment in this case is five (5) years because Counts 1, 3, 5, and 6 of the original conviction were Class A felonies.  *See* 18 U.S.C. § 3583(e)(3).

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).  Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable.  *Id.  See also United*

---

[1]  *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the defendant, Derrick Johnson., committed a Grade C violation of his supervision conditions. Defendant pled true, agreed with the Court's recommended sentence for that violation, and waived his right to allocute before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the evidence presented in this case, it is the recommendation of the undersigned United States Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge recommends that the District Court order Defendant, Derrick Wayne Johnson., to serve a term of **ten (10) months imprisonment**, with no further term of supervision to follow. The Court also recommends placement in the Federal Correctional Complex (FCC) in Beaumont, Texas, as requested by the defendant.

## **OBJECTIONS**

Objections must be:   (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).   A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court.   *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely

by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 18th day of November, 2019.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE